Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Kristofer T. Noneman, OSB #224630
Email: kristofer@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
POB 1309
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Molly A. Folkema

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MOLLY A. FOLKEMA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LYNN W. LOTHMAN**, individually, **CHIEF RAYMOND K. RAU**, individually and in his official capacity as Tillamook City Chief of Police, **JAMY M. CHRISTENSEN**, individually and in her official capacity as City of Tillamook Human Resources Director, **NATHAN B. GEORGE**, individually and in his official capacity as City of Tillamook City Manager, and **CITY OF TILLAMOOK**, a political subdivision of the State of Oregon,<br><br>Defendants. | Case No. 3:23-cv-00122<br><br>**COMPLAINT**<br><br>**Violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e *et seq.*; Discrimination of Basis of Gender ORS § 659A.030; Whistleblower Retaliation ORS § 659A.199; Whistleblower Retaliation ORS § 659A.203; Discrimination for Initiating Civil Proceedings ORS § 659A.230; Intentional Infliction of Emotional Distress; Battery; Negligent Retention**<br><br>**Claim: $1,750,000.00**<br>**Filing Fee: $402.00**<br><br>**DEMAND FOR JURY TRIAL** |

PAGE 1 – **COMPLAINT**

Plaintiff Molly Folkema ("Plaintiff"), by and through her attorneys, does hereby state and allege as follows:

## I.    INTRODUCTION

1.

This is a civil rights and employment case involving violations of Title VII of the Civil Rights Act of 1964, discrimination on the basis of sex, whistleblower retaliation, intentional infliction of emotional distress, battery, and negligent retention, which resulted in Molly A. Folkema's ("Plaintiff") termination from the City of Tillamook (the "City"), working for the City of Tillamook Police Department ("TPD").

This termination of employment resulted in Plaintiff sustaining a loss of professional reputation, humiliation, physical and emotional distress, and economic damages. Defendants violated Plaintiff's fundamental rights when they retaliated against Plaintiff for her good faith reports of actions of other TPD Officers committing sexual battery.

Defendants' adverse employment actions include placing Plaintiff on administrative leave, subjecting her to unwarranted harassment in the form of an internal affairs investigation, and eventually terminating her employment while bringing her assailant back to work. In this suit, Plaintiff seeks compensation for the numerous losses caused by the misconduct of the City (as the legal entity encapsulating TPD), TPD Officer Lynn W. Lothman, the City's Human Resources Director Jamy M. Christensen, TPD Chief Raymond K. Rau, and Tillamook City Manager Nathan B. George.

///

///

PAGE 2 – **COMPLAINT**

## II.    JURISDICTION AND VENUE

2.

This is an action for violations of Title VII of the Civil Rights Act of 1964 brought under 42 U.S.C. §§ 2000e *et seq.* This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367.

3.

Venue in this district is proper under 28 U.S.C. § 1391(b) and Local Rule 3-2 because the Defendant is in this District and Division, and the events or omissions giving rise to Plaintiff's claims occurred within this District and Division.

## III.    THE PARTIES

4.

At all material times herein, Plaintiff was and is a citizen of Oregon. At all material times, Plaintiff was employed by the City, through the TPD, as the Office Manager.

5.

At all material times herein, the City was and is a political subdivision of the State of Oregon. The TPD is a department of the City. TPD and the City are public employers, and until Plaintiff's termination on or about May 3, 2021, the City continually employed Plaintiff since September 2017.

6.

At all material times herein, Nathan B. George ("George" or the "City Manager") was and is a citizen of Oregon. George was employed by the City as the City Manager.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

7.

At all material times herein, TPD Officer Lynn W. Lothman ("Lothman") was and is a citizen of Oregon. Lothman was employed by the City, through the TPD, as a TPD Police Officer. At times, Lothman was acting inside the scope of his duties as TPD Police Officer. At other times, Lothman was acting outside the scope of his official duties.

8.

At all material times herein, TPD Chief Raymond K. Rau ("Rau") was and is a citizen of Oregon. Rau was employed by the City, through the TPD, as the Police Chief.

9.

At all material times herein, Jamy M. Christensen ("Christensen") was and is a citizen of Oregon. Christensen was employed by the City as the Human Resources Director.

## IV.    COMPLIANCE WITH ORS § 30.275 – OREGON TORT CLAIMS NOTICE

10.

Plaintiff has complied with the applicable notice requirements under ORS § 30.275.

11.

On or about April 19, 2021, Plaintiff, through counsel, provided written notice to the City regarding intent to commence legal action and giving the City notice of tort claims. The Tort Claim Notice sent on April 19, 2021, was sent via United States Postal Service Certified Mail. Tracking information indicated that the Tort Claim Notice was received by the City on or about April 22, 2021.

///

///

PAGE 4 – **COMPLAINT**

12.

On or about December 30, 2021, Plaintiff, through counsel, filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") and cross-filed with the United States Equal Employment Opportunity Commission ("EEOC").

13.

On or about December 30, 2022, BOLI issued a Substantial Evidence Determination in BOLI Case Number EEEMSH211230-42413 ("BOLI Determination") indicating that the City had committed numerous unlawful employment practices. (Exhibit 1).

14.

Plaintiff's BOLI case has been withdrawn by the Plaintiff to file this action. At the time of this filing, Plaintiff had not received the Right to Sue letter from the EEOC in EEOC Case Number 38D-2022-00168C. This Right to Sue letter from the EEOC should be forthcoming.

## V.    FACTUAL ALLEGATIONS

15.

Plaintiff worked for the City, at the TPD, since September 2017. During her time with TPD and the City, Plaintiff was never investigated, nor disciplined, for any misconduct prior to the events leading up to her termination.

16.

Plaintiff was the TPD Office Manager, and as such, Plaintiff, was the highest ranking non-sworn employee of the TPD.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

17.

In or around January 2019, Plaintiff began spending more time with Lothman while at work because he had been temporarily assigned to a light duty in-office assignment.

18.

During this period, it was not uncommon for Plaintiff and Lothman to be the only two people present in the TPD office.

19.

During this period, Plaintiff and Lothman developed a non-romantic, co-worker friendship. Lothman confided in Plaintiff, sharing personal details regarding his marital problems.

20.

On or about February 14, 2019, Plaintiff's mother passed away. Following this, Lothman offered emotional support to Plaintiff.

21.

On or about March 24, 2019, Lothman returned to regular duty on the graveyard shift. On information and belief, Lothman would linger at the TPD office before or after his shift to spend time with Plaintiff.

22.

In or around fall of 2019, while Lothman and Plaintiff were alone at the office, Lothman rubbed Plaintiff's tattoo on her leg. Lothman later apologized for the inappropriate touching.

23.

Following this incident, Lothman gave Plaintiff a handwritten note in which Lothman disclosed, among other things, that Lothamn's wife had gone through his phone and seen text

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

messages between Lothaman and Plaintiff, that Lothman was choosing his wife, and that he wanted to grab Plaintiff and have his way with her. This note made Plaintiff feel extremely uncomfortable; she destroyed the note.

24.

In or around January 2020, Lothman adjusted his work schedule from graveyard shift to day shift. On information and belief, Lothman made this change so that his schedule would align more with the times Plaintiff would be in the TPD office.

25.

In or around May 2020, Plaintiff began making complaints to former TPD Chief of Police Terrance J. Wright ("Wright"), alleging instances of potential harassment and unwanted contact by Lothman.

26.

On or about May 7, 2020, Lothman was investigated internally by Wright. Lothman was warned to cease sending Plaintiff text messages outside of work. Wright also warned Lothman to be careful with the humor shared around or with Plaintiff. On information and belief, Lothman informed Wright that Lothman had developed a crush on Plaintiff.

27.

Following this investigation, Lothman continued to make unwanted physical advances toward Plaintiff. On numerous occasions, without Plaintiff's consent, Lothman would, among other actions, hug Plaintiff, kiss Plaintiff's neck, rub Plaintiff's leg or thigh, or rub Plaintiff's shoulders.

///

PAGE 7 – **COMPLAINT**

28.

On a number of occasions, while rubbing Plaintiff's shoulders, Lothman would try to move his hands down towards Plaintiff's collarbone and chest area. Plaintiff would cover her chest with her own hands to block Lothman's.

29.

In or about July 2020, Lothman told Plaintiff that he loved her. Plaintiff did not reciprocate.

30.

On information and belief, in or around this time, Lothman began telling other TPD employees that Plaintiff and Lothman had or were having an affair. Plaintiff and Lothman were not having an affair.

31.

On or about May 1, 2020, Lothman sent a text message to Plaintiff saying that Lothman had talked to his wife, that Plaintiff and Lothman could no longer send text messages to each other, and that all future contact must be work-related and relayed by TPD phone or email.

32.

Following that message, from May 2020 until August 12, 2020, Lothman sent multiple text messages to Plaintiff's personal phone, including inappropriate comments, such as:

1) "I am sorry I was not able to control my emotions and I let this get out of hand . . .;"

2) "I've hurt you and I apologize . . .;"

3) "You needed friendship and I took advantage of your kindness . . .;"

4) "I love you . . .;"

5) "I am falling out of love with you . . .;" and

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

6)  "You blow most women out of the water! (Winking face, tongue out emoji)"

33.

From May 2020 to September 2020, Plaintiff made multiple complaints to Chief Wright about Lothman, alleging inappropriate contact, excessive contact, and harassment.

34.

On or about August 12, 2020, Lothman falsely told Plaintiff that she was being investigated by Wright for having an inappropriate personal relationship with another TPD officer and that her job was at risk. This lie caused Plaintiff severe stress and anxiety and she asked Wright about it. Wright informed Plaintiff that no such investigation being conducted.

35.

On or about August 21, 2020, Lothman was issued a written reprimanded for several policy violations including sexual harassment, dishonesty, and intimidating and harassing Plaintiff by causing her to be alarmed about losing her job. Wright again warned Lothman that his texts to Plaintiff could be harassment and that Plaintiff had made it known that she did not appreciate Lothman's texts. Lothman was informed in this written warning that any further similar violations would result in discipline, up to and including termination.

36.

On or about September 13, 2020, Wright investigated Lothman for searching through Plaintiff's desk and personal effects without her consent. Lothman admitted to riffling through Plaintiff's desk. Lothman claimed that he discovered love notes to Plaintiff from another coworker. On information and belief, Lothman also told his wife and other coworkers about these love notes.

///

PAGE 9 – **COMPLAINT**

37.

On one occasion, Lothman and Plaintiff were working alone in the TPD office. While on shift, Lothman reached down the front of Plaintiff's blouse and touched her breast. Plaintiff stopped Lothman from going further and told him "that wasn't going to happen" (the "Incident").

38.

On or about October 24, 2020, Plaintiff reported the Incident to former TPD Lieutenant Erica Bomar ("Bomar"). Plaintiff also told Bomar about other instances of harassment from other TPD employees and their spouses.

39.

Bomar reported Plaintiff's allegations against Lothman to Wright.

40.

Wright directed Bomar to interview Plaintiff regarding her allegations against Lothman. Accordingly, Bomar interviewed Plaintiff about her allegations.

41.

On or about October 26, 2020, the Incident was reported to the Oregon State Police ("OSP"), and an investigation was opened by OSP.

42.

On or about October 26, 2020, the City, through Wright, placed Lothman on administrative leave pending an investigation.

43.

On or about November 2, 2020, Plaintiff was interviewed by OSP Detective Casi Hegney ("Hegney") regarding the Incident and her other allegations against Lothman.

PAGE 10 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

44.

On or about December 19, 2020, Hegney submitted a report to the Tillamook County District Attorney ("TCDA") recommending Lothman be charged criminally for harassment and official misconduct.

45.

No criminal charges were ever filed against Lothman by the TCDA. However, the TCDA did indicate that after his review of the case and the facts, he believed Lothman had likely violated City or TPD policies.

46.

On or about January 20, 2021, George began his employment with the City as City Manager.

47.

On or about February 11, 2021, George contracted the services of outside Private Investigator, Tim Doney ("Doney"), to conduct an internal affairs investigation into Plaintiff's allegations against Lothman.

48.

On or about February 25, 2021, Plaintiff was interviewed by Doney regarding her allegations against Lothman. Christensen was also present for this interview.

49.

On or about February 25, 2021, Plaintiff had a conversation with two TPD officers that was overheard by dispatcher, Lacey Larson ("Larson").

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

50.

On or about February 26, 2021, Larson cornered Plaintiff in her office and attempted to confront Plaintiff about her comments from the day prior. This confrontation caused Plaintiff severe stress and anxiety and triggered an anxiety attack.

51.

On or about February 26, 2021, the City, through George, placed Plaintiff on administrative leave. The notice did not provide a reason for the leave, did not indicate any estimated length of time that Plaintiff would be on leave, and did not indicate that Plaintiff would ever be returned to work. The notice only indicated that Christensen would give Plaintiff "further direction at some future point." Plaintiff was prohibited from coming onto City property or contacting any City employees other than Christensen or George.

52.

On information and belief, on or about February 26, 2021, Larson was placed on leave. On information and belief, Larson's notice of leave included an indication that Larson would return to work and an invitation to reach out with any questions or concerns.

53.

On or about February 27, 2021, Larson sent an email to George with the subject line "Incident Summary," to report that in the conversation that occurred on February 25, 2021, Plaintiff had referred to the dispatchers as "a bunch of bitches." On information and belief, in this email, Larson also disclosed personal information regarding Plaintiff, and admitted that Larson had involved herself in Plaintiff's personal relationships.

///

PAGE 12 – **COMPLAINT**

54.

On or about March 1, 2021, Plaintiff sent emails to George regarding the conversation between Plaintiff and the two other TPD officers that occurred on or about February 25, 2021. In these emails, Plaintiff informed George that she told the two TPD officers that the dispatch employees had a history of being "mean" and "gossipy," that Larson overheard her comment and became offended, that Larson has a history of being mean to Plaintiff and gossiping about Plaintiff, and that Larson cornered Plaintiff in her office on February 26, 2021, which caused Plaintiff to experience an anxiety attack. Plaintiff was kept on indefinite administrative leave without any instruction, information regarding the alleged investigation, or indication on a potential return to work date.

55.

On information and belief, Plaintiff was kept on leave because George was waiting for the report from Doney's investigation of Lothman to be completed before George decided if he would allow Plaintiff to return to work, and not because of the incident with Larson.

56.

On or about March 26, 2021, Doney's report of his investigation of Lothman was completed and submitted to George.

57.

On or about April 8, 2021, Wright retired from his position as TPD Chief of Police unexpectedly. Bomar began acting as Interim Chief of Police until the position could be posted.

///

///

PAGE 13 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

58.

On or about April 9, 2021, Plaintiff emailed George asking about the investigation and inquiring about her return to work.

59.

On or about April 12, 2021, Larson was returned to work, but Plaintiff was not.

60.

On or about April 14, 2021, Plaintiff received a Notice of Potential Termination from George. The notice indicated that the City was considering terminating:

> [Plaintiff's] employment based on specific incidents of misconduct, including (1) an allegation that [Plaintiff] referred to dispatch workers as "a bunch of bitches" on February 25, 2021; (2) misstating hours worked on November 6, 2020 when [Plaintiff] and Detective Barnett drove to Portland to purchase Krispy Kreme donuts for Chief Wright's birthday; (3) unprofessional interactions between [Plaintiff] and Detective Barnett, including hugging, spending excessive amounts of time together doing non-work activities, and bringing him baked goods; and (4) disregarding a direct order not to contact City employees or come onto City property by speaking with Chief Wright and indicating her intent to bring chocolate to the Police Department on or around March 19.

(Exhibit 1).

61.

On or about April 19, 2021, Plaintiff through her previous legal counsel, submitted a Tort Claim Notice to the City and George, alleging claims of sexual harassment, discrimination, and retaliation.

62.

On or about April 21, 2021, Rau began acting as Interim TPD Chief of Police.

///

///

PAGE 14 – **COMPLAINT**

63.

On or about May 3, 2021, Plaintiff was terminated by the City. The "Determination of

Discipline – Termination" notice signed by George:

> Not[es] that [the City] received a Notice of Tort Claim regarding [Plaintiff's]
> allegations against Officer Lothman on April 19, 2021; assert[s] that George's
> Notice of Termination to [Plaintiff] makes no mention of Lothman; terminat[es]
> [Plaintiff's] employment, due to her failure to accept accountability for her actions,
> and submitting a response to the Notice [of Potential Termination] that instead
> "[points] blame at everyone else;" and notif[ies] [Plaintiff] that she will need to
> return all City property before she can receive her final paycheck.

(Exhibit 1).

64.

On or about May 4, 2021, Plaintiff attempted to collect her final paycheck from City Hall.

At George's instruction, City Hall employees refused to give Plaintiff her final paycheck until, at

Plaintiff's request, Bomar stepped in to help resolve the situation.

65.

On or about June 4, 2021, Christensen sent an email stating, "[a]fter speaking with Nathan

[George] today we want to get this going now. The Molly [Folkema, Plaintiff,] situation is taking

forever and we need Lynn [Lothman] back. Can you get the dates going on it?"

66.

On or about June 16, 2021, Lothman had his pre-termination meeting with George. On

information and belief, during the meeting, Lothman accused Bomar of failing to be impartial in

her investigation of Plaintiff's harassment complaints even though OSP and Doney had sustained

most the allegations against Lothman. On information and belief, during this meeting, George

announced that Lothman's only punishment would be a written reprimand even though most of

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

the allegations against him had been sustained and even though he had been formally disciplined for harassing Plaintiff at least three times prior.

67.

On or about June 21, 2021, Bomar was placed on administrative leave.

68.

On or about June 21, 2021, Rau was sworn in as the TPD Chief of Police.

69.

On or about June 22, 2021, Lothman was returned to duty from administrative leave.

70.

The BOLI Determination found that, "[i]nvestigative reports and disciplinary actions taken against Lothman are substantial evidence that Lothman sexually harassed [Plaintiff] and retaliated against her multiple times after she reported the conduct to Chief Wright . . .." (Exhibit 1).

71.

The BOLI Determination also states:

The disciplinary actions issued to [TPD] Officer Lothman, [former TPD] Detective Barnett, [former TPD] Lieutenant Bomar, and [Plaintiff] are substantial evidence of different treatment based on sex . . .. [T]he allegations against both women are far-reaching, seemingly unrelated to one another, and not preceded by any prior disciplinary actions, and the disciplinary actions were disproportionally harsh, and appear to have been reverse engineered to justify [City's] pre-determination to terminate both women's employment. On the other hand, allegations against Officer Lothman (and the investigation into those allegations) are specific, serious, and related to the three prior disciplinary actions already taken against Lothman during the six months preceding the criminal investigation by OSP and the subsequent internal affairs investigation . . .. Given that the internal investigation into Lothman sustained many of the serious allegations against him, and given that Lothman had already been given a written reprimand for harassing and retaliating against [Plaintiff], [the City's] written reprimand (downgraded from a 5-day unpaid suspension) was disproportionately lenient."

PAGE 16 – **COMPLAINT**

(Exhibit 1).

72.

The BOLI Determination further states:

[The City] cites [Plaintiff] and Lt. Bomar's failure to take accountability for their actions as a primary reason for their terminations, but the third party investigative reports find both [Plaintiff] and Bomar to be candid, while they find that Lothman was unable to accept responsibility for his actions. This is further corroborated by Lothman's accusations against Bomar . . . during his due process hearing . . .. The evidence shows that [the City] did not apply its policies or procedures evenly, took disproportionately strong action against female employees, and showed deference and gave favorable outcomes to male employees.

(Exhibit 1).

73.

The BOLI Determination makes an additional finding that:

The disparate treatment [the City] showed [Plaintiff] and Lacey Larson for their involvement in the same altercation, is substantial evidence that [the City] retaliated against [Plaintiff] for reporting sexual harassment, and specifically for initiating a complaint that was escalated to the OSP. The record reflects that . . . [Plaintiff] was treated more harshly than Ms. Larson . . .. [T]herefore, BOLI finds that [the City] retaliated against [Plaintiff] for reporting sexual harassment and initiating a criminal investigation into Officer Lothman.

(Exhibit 1).

74.

The BOLI Determination concludes:

The timeline establishes that [Plaintiff] and Lt. Bomar – the two women involved in escalating a complaint of sexual harassment against Lothman – were terminated or placed on administrative leave prior to Officer Lothman's reinstatement on June 22, 2021 . . . .. [The City's] lack of legitimate, nondiscriminatory reasons for its actions indicates that both women were removed from their positions *so that* Lothman could be reinstated . . .. The totality of the evidence supports [Plaintiff's] allegations that she was sexually harassed, subjected to different treatment based on sex, retaliated against for reporting sexual harassment, and terminated as a result of her sex and protected complaint.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

(Exhibit 1) (emphasis in the original).

## VI.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### DISCRIMINATION ON BASIS OF GENDER
### 42 U.S.C. §§ 2000e *et seq.*

### COUNT 1:
### (Against the Defendant CITY)

75.

Plaintiff incorporates all previous paragraphs herein by reference.

76.

Plaintiff was one of only four females employed by the TPD.

77.

Plaintiff made a complaint to the male TPD Chief and the male City Manager, George, about a male police officer, Lothman, sexually harassing and touching Plaintiff inappropriately, without her consent.

78.

Shortly after making this report, Plaintiff was placed on administrative leave and not informed why she was placed on leave.

79.

On information and belief, Plaintiff was placed on administrative leave pending the outcome of the investigation of Lothman.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

80.

The City had prior knowledge of Lothman's inappropriate behavior towards Plaintiff because she had made multiple complaints about Lothman in May, August, and September of 2020. As a result of these complaints, the City issued Lothman a verbal warning on May 6, 2020, a written reprimand on August 24, 2020, and another verbal warning on September 18, 2020.

81.

As a result of Plaintiff's allegations against Lothman, Chief Wright assigned Bomar to investigate.

82.

Eventually, Bomar and Wright referred the investigation to OSP for a criminal investigation.

83.

Eventually, as a result of Plaintiff's allegations against Lothman, OSP Detective Hegney referred the case against Lothman to the TCDA; however, no charges were filed and the City brought Lothman back to work from administrative leave while choosing to terminate Plaintiff.

84.

On or about June 4, 2021, Christensen sent an email that showed that the City intended to bring Lothman back to work, did not take Plaintiff's compliant against Lothman seriously, and viewed Plaintiff's allegations against Lothman as an inconvenience.

///

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

85.

The City's response demonstrates that preference given to male employees over female employees, and that Plaintiff was discriminated against because she is female and because she made a complaint against the male officer who had harassed her on many occasions.

86.

As a female, Plaintiff was discriminated against by the City. She was sexually harassed at work, and the City knew about the issue. Instead of addressing the issue with the male harasser, Lothman, the City terminated Plaintiff as the female harassed.

87.

Pursuant to 42 U.S.C. § 1981a, 42 U.S.C. § 1988, and 42 U.S.C. § 2000e-5, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 2:**
**(Against the Defendant CITY)**

88.

Plaintiff incorporates all previous paragraphs herein by reference.

89.

Plaintiff had made several documented complaints to Christensen, Wright, George, and other City management over the course of several months regarding inappropriate text messages, communication, touching, and conduct by Lothman.

///

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

90.

Lothman was given verbal warnings and a written reprimand, and warned that if his harassing conduct continued he could face termination. Thereafter, Plaintiff reported that Lothman reached down her blouse and touched her breast, without her consent.

91.

After OSP investigated and referred the matter to TCDA for potential criminal charges, and after Doney's investigation sustained most of the allegations against him, Lothman was only going to be given a 5-day unpaid suspension, despite his egregious conduct. However, in Lothman's pre-disciplinary hearing, George reduced Lothman's discipline to another written reprimand only and returned him to duty as of June 22, 2021.

92.

Plaintiff had no past disciplinary issues, and BOLI found that:

The allegations against [Plaintiff] and Lt. Bomar are for minor incidents, interpersonal disagreements, and/or alleged incidents that took place well in the past or *after* they were placed on administrative leave; the allegations against both women are far-reaching, seemingly unrelated to one another, and not preceded by any prior disciplinary actions, and the disciplinary actions were disproportionately harsh, and appear to have been reverse engineered to justify [the City's] pre-determination to terminate both women's employment.

(Exhibit 1) (emphasis in the original).

93.

Plaintiff was discriminated against by the City on the basis of her gender, in terms of punishment. Plaintiff had no history of discipline but was terminated for conduct that much less egregious than that of Lothman. Lothman had a history of discipline, had been warned repeatedly

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

that he might be terminated if his behavior continued, but he was only issued a written reprimand after sexually harassing Plaintiff.

94.

Pursuant to 42 U.S.C. § 1981a, 42 U.S.C. § 1988, and 42 U.S.C. § 2000e-5, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**DISCRIMINATION ON BASIS OF GENDER**
**ORS § 659A.030**
**Against ALL Defendants**

**COUNT 1:**
**ORS § 659A.030(1)(a)**
**(Against Defendant CITY)**

95.

Plaintiff incorporates all previous paragraphs herein by reference.

96.

Plaintiff was one of only four females employed by the TPD.

97.

Plaintiff filed a complaint about Lothman sexually harassing and touching her inappropriately without her consent.

98.

Shortly after making this complaint, Plaintiff was placed on administrative leave.

///

///

///

PAGE 22 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

99.

The City was aware, or should have been aware, of Lothman's repeated instances of harassment against Plaintiff because the City had previously issued Lothman verbal warnings and a written reprimand for the same or similar behavior.

100.

Eventually, as a result of Plaintiff's allegation, the case against Lothman was referred to OSP, then to the TCDA for potential criminal charges, even though no criminal charges were filed.

101.

The City, through George, brought Lothman back to work despite sustained allegations against him, but chose to terminate Plaintiff.

102.

On or about June 4, 2021, Christensen sent an email demonstrating that the City intended to bring Lothman back to work, did not take Plaintiff's compliant against Lothman seriously, and viewed Plaintiff's allegations against Lothman as an inconvenience.

103.

 The City's response demonstrates that preference given to male employees over female employees, and that Plaintiff was discharged from her employment because she is female and because she made a complaint against the male officer who had sexually harassed her on many occasions.

104.

The BOLI Determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (termination based on sex) in violation of ORS 659A.030(1)(a)."

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

(Exhibit 1) (emphasis in the original).

105.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 2:**
**ORS § 659A.030(1)(b)**
**(Against Defendant CITY)**

106.

Plaintiff incorporates all previous paragraphs herein by reference.

107.

Plaintiff was one of only four females employed by the TPD.

108.

Plaintiff filed a complaint about Lothman sexually harassing and touching her inappropriately without her consent.

109.

Shortly after making this complaint, Plaintiff was placed on administrative leave.

110.

The City was aware, or should have been aware, of Lothman's repeated instances of harassment against Plaintiff because the City had previously issued Lothman verbal warnings and a written reprimand for the same or similar behavior.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

111.

Eventually, as a result of Plaintiff's allegation, the case against Lothman was referred to OSP, then to TCDA for potential criminal charges, even though no criminal charges were filed.

112.

The City, through George, brought Lothman back to work despite sustained allegations against him, but chose to terminate Plaintiff.

113.

On or about June 4, 2021, Christensen sent an email demonstrating that the City intended to bring Lothman back to work, did not take Plaintiff's compliant against Lothman seriously, and viewed Plaintiff's allegations against Lothman as an inconvenience.

114.

 The City's response demonstrates that preference given to male employees over female employees, and that Plaintiff was treated differently in the terms and conditions of her employment because she is female and because she made a complaint against the male officer who had sexually harassed her on many occasions.

115.

The BOLI Determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions/hostile work environment based on sex) in violation of ORS 659A.030(1)(b)." (Exhibit 1) (Emphasis in the original).

116.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein,

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

to be proven at trial.

## COUNT 3:
## ORS § 659A.030(1)(f)
## (Against Defendant CITY)

### 117.

Plaintiff incorporates all previous paragraphs herein by reference.

### 118.

Plaintiff was one of only four females employed by the TPD.

### 119.

Plaintiff filed a complaint about Lothman sexually harassing and touching her inappropriately without her consent.

### 120.

Shortly after making this complaint, Plaintiff was placed on administrative leave.

### 121.

The City was aware, or should have been aware, of Lothman's repeated instances of harassment against Plaintiff because the City had previously issued Lothman verbal warnings and a written reprimand for the same or similar behavior.

### 122.

Eventually, as a result of Plaintiff's allegation, the case against Lothman was referred to OSP, then to TCDA for potential criminal charges, even though no criminal charges were filed.

### 123.

The City, through George, brought Lothman back to work despite sustained allegations against him, but chose to terminate Plaintiff.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

124.

On or about June 4, 2021, Christensen sent an email demonstrating that the City intended to bring Lothman back to work, did not take Plaintiff's compliant against Lothman seriously, and viewed Plaintiff's allegations against Lothman as an inconvenience.

125.

The City's actions demonstrate that it discharged or otherwise discriminated against Plaintiff because Plaintiff had opposed an unlawful practice, specifically making a complaint against the male officer who had sexually harassed her on many occasions.

126.

The determination from BOLI found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030(1)(f) and ORS 659A.203." (Exhibit 1) (emphasis in the original).

127.

Pursuant to ORS § 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 4:**
**ORS § 659A.030(1)(f)**
**(Against Defendant GEORGE)**

128.

Plaintiff incorporates all previous paragraphs herein by reference.

///

///

PAGE 27 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

129.

As defined in ORS § 659A.001(9)(a), George is a "person" for use under ORS § 659A.030(1)(f).

130.

Plaintiff represented only one of four females employees of the TPD.

131.

Plaintiff filed a complaint with George about Lothman sexually harassing and touching her inappropriately without her consent.

132.

Shortly after making this complaint, George placed Plaintiff on administrative leave.

133.

George was aware, or should have been aware, of Lothman's repeated instances of harassment against Plaintiff because Lothman had been previously issued verbal warnings and a written reprimand for the same or similar behavior.

134.

Eventually, as a result of Plaintiff's allegation, the case against Lothman was referred to OSP, then to TCDA for potential criminal charges, even though no criminal charges were filed.

135.

George brought Lothman back to work despite sustained allegations against him, but chose to terminate Plaintiff.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

136.

On or about June 4, 2021, Christensen sent an email demonstrating that George and the City intended to bring Lothman back to work, did not take Plaintiff's compliant against Lothman seriously, and viewed Plaintiff's allegations against Lothman as an inconvenience.

137.

George's actions demonstrate that he discharged or otherwise discriminated against Plaintiff because Plaintiff had opposed an unlawful practice, specifically making a complaint against the male officer who had sexually harassed her on many occasions.

138.

The BOLI Determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030(1)(f) and ORS 659A.203." (Exhibit 1) (Emphasis in the original).

139.

Pursuant to ORS § 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

140.

George's actions were willful and malicious and accordingly, Plaintiff is entitled to an award of punitive damages against Defendant George.

///

///

///

PAGE 29 – **COMPLAINT**

**COUNT 5:**
**ORS § 659A.030(1)(f)**
**(Against Defendant CHRISTENSEN)**

141.

Plaintiff incorporates all previous paragraphs herein by reference.

142.

As defined in ORS 659A.001(9)(a), Christensen is a "person" for use under ORS 659A.030(1)(f).

143.

Plaintiff represented only one of four females employees of the TPD.

144.

Plaintiff filed a complaint with the City about Lothman sexually harassing and touching her inappropriately without her consent.

145.

Shortly after making this complaint, George placed Plaintiff on administrative leave.

146.

Christensen was aware, or should have been aware, of Lothman's repeated instances of harassment against Plaintiff because Lothman had been previously issued verbal warnings and a written reprimand for the same or similar behavior.

147.

Eventually, as a result of Plaintiff's allegation, the case against Lothman was referred to OSP, then to TCDA for potential criminal charges, even though no criminal charges were filed.

///

PAGE 30 – **COMPLAINT**

148.

The City, through George, brought Lothman back to work despite sustained allegations against him, but chose to terminate Plaintiff.

149.

On or about June 4, 2021, Christensen sent an email demonstrating that George and the City intended to bring Lothman back to work, did not take Plaintiff's compliant against Lothman seriously, and viewed Plaintiff's allegations against Lothman as an inconvenience.

150.

Christensen's actions demonstrate that she discriminated against Plaintiff because Plaintiff had opposed an unlawful practice, specifically making a complaint against the male officer who had sexually harassed her on many occasions.

151.

The BOLI Determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030(1)(f) and ORS 659A.203." (Exhibit 1) (Emphasis in the original).

152.

Pursuant to ORS 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

153.

Christensen's actions were willful and malicious and accordingly, Plaintiff is entitled to an award of punitive damages against Defendant Christensen.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**COUNT 6:**
**ORS § 659A.030(1)(g)**
**(Against Defendant GEORGE)**

154.

Plaintiff incorporates all previous paragraphs herein by reference.

155.

George, as the City Manager, refused to take any serious disciplinary action against Lothman in response to the complaints and allegations made by Plaintiff, even though multiple investigations revealed that they were credible.

156.

George, as the City Manager, made the initial decision to propose a 5-day unpaid suspension as punishment for Lothman's egregious conduct, and then made the follow-up decision to reduce that suspension to a written reprimand, despite previous warnings to Lothman that his behavior could result in termination.

157.

George was one of the recipients of the email sent by Christensen on June 4, 2021, and as Christensen's superior, Plaintiff believes that George shared this same thought as Christensen.

158.

George aided and abetted the City's discrimination of Plaintiff based on her gender because, George, as the City Manager, made the decision to place Plaintiff on administrative leave on the pretext of investigating Plaintiff's verbal altercation with Larson, extended that leave indefinitely pending the investigation of Plaintiff's sexual harassment complaints against Lothman, and ultimately terminated Plaintiff's employment.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

159.

On information and belief, George's actions towards Plaintiff were motivated by Plaintiff's gender; George's unequal application of city policies and discipline based on gender demonstrates this.

160.

The BOLI Determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (termination based on sex) in violation of ORS 659A.030(1)(a)," "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions/hostile work environment based on sex) in violation of ORS 659A.030(1)(b)," and "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030(1)(f) and ORS 659A.203." (Exhibit 1) (Emphasis in the original).

161.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

162.

George's actions were willful and malicious and accordingly, Plaintiff is entitled to an award of punitive damages against Defendant George.

///

///

///

PAGE 33 – **COMPLAINT**

**COUNT 7:**
**ORS § 659A.030(1)(g)**
**(Against Defendant CHRISTENSEN)**

163.

Plaintiff incorporates all previous paragraphs herein by reference.

164.

Christensen, as the City's Human Resources Director, refused to take any serious disciplinary action against Lothman in response to the complaints and allegations made by Plaintiff, even though multiple investigations revealed that they were credible.

165.

On information and belief, Christensen, as the City's Human Resources Director, was a part of the decision-making process in proposing only a 5-day unpaid suspension for Lothman, and part of the decision-making process in reducing that suspension to a written reprimand.

166.

In the alternative, if Christensen was not present or a part of the decision-making process in determining Lothman's punishment, then, on information and belief, Christensen, as the City's Human Resources Director, had a significant role in the processing of Lothman's discipline.

167.

Christensen's email on June 4, 2021, demonstrates that she viewed Plaintiff's sexual harassment claims as an inconvenience, that she supported terminating Plaintiff, and that she intended to bring Lothman back to work despite his egregious behavior.

///

///

PAGE 34 – **COMPLAINT**

168.

As the City's Human Resources Director, Christensen was present for, or significantly involved in, discipling and eventually terminating Plaintiff based on Plaintiff's gender as a female, and her filing of sexual harassment complaints against her male harasser, Lothman.

169.

Christensen's actions towards Plaintiff were motivated by Plaintiff's gender; Christensen's willingness to participate in and support George and the City's unequal application of city policies and discipline based on gender demonstrates this.

170.

The BOLI Determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (termination based on sex) in violation of ORS 659A.030(1)(a)," "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions/hostile work environment based on sex) in violation of ORS 659A.030(1)(b)," and "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030(1)(f) and ORS 659A.203." (Exhibit 1) (emphasis in the original).

171.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

172.

Christensen's actions were willful and malicious and accordingly, Plaintiff is entitled to an award of punitive damages.

## COUNT 8:
## ORS § 659A.030(1)(g)
## (Against Defendant LOTHMAN)

173.

Plaintiff incorporates all previous paragraphs herein by reference.

174.

Lothman's sexual harassment of Plaintiff started the issues for Plaintiff and as a result of making complaints against Lothman, Plaintiff was discriminated and retaliated against by the City.

175.

Lothman's actions towards Plaintiff were motivated by Plaintiff's gender and Lothman's unwillingness to follow City policies and treat Plaintiff differently because of her sex.

176.

The BOLI Determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (termination based on sex) in violation of ORS 659A.030(1)(a)," "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions/hostile work environment based on sex) in violation of ORS 659A.030(1)(b)," and "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030(1)(f) and ORS 659A.203." (Exhibit 1) (emphasis in the original).

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

177.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

178.

Lothman's actions were willful and malicious and accordingly, Plaintiff is entitled to an award of punitive damages.

**COUNT 9:**
**ORS § 659A.030(1)(g)**
**(Against Defendant RAU)**

179.

Plaintiff incorporates all previous paragraphs herein by reference.

180.

Rau, as the TPD Police Chief, allowed Lothman to return to active duty after OSP investigated and forwarded charges to the TCDA for harassment.

181.

Rau's actions towards Plaintiff were motivated by Plaintiff's gender; Rau's willingness to participate in and support George and the City's unequal application of city policies and discipline based on gender demonstrates this.

182.

The BOLI Determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (termination based on sex) in violation of ORS 659A.030(1)(a)," "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

terms and conditions/hostile work environment based on sex) in violation of ORS 659A.030(1)(b)," and "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030(1)(f) and ORS 659A.203." (Exhibit 1) (emphasis in the original).

183.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, punitive damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

184.

Rau's actions were willful and malicious and accordingly, Plaintiff is entitled to an award of punitive damages.

**THIRD CLAIM FOR RELIEF**
**EMPLOYMENT DISCRIMINATION ON BASIS OF WHISTLEBLOWING STATUS**
**ORS § 659A.199**
**Against Defendant CITY**

185.

Plaintiff incorporates all previous paragraphs herein by reference.

186.

Plaintiff in good faith reported Lothman's inappropriate conduct and sexual advances towards her.

187.

Plaintiff's complaints about Lothaman's behavior occurred numerous times over the course of approximately two years.

///

PAGE 38 – **COMPLAINT**

188.

Plaintiff made these good faith reports to Wright, George, Bomar, Christensen, OSP Detective Hegney, and by extension the TCDA's office.

189.

After Plaintiff made complaints and allegations about Lothman's behavior, sexual advances, and his spreading of rumors to other TPD employees and spouses, Plaintiff was subjected to embarrassment, shame, ridicule, and adverse employment actions, including but not limited to public shaming, scorn, and shunning by TPD employees and their spouses, being placed on administrative leave, and ultimately termination from her employment.

190.

In or about February, 2021, Larson and Plaintiff got into a verbal altercation after Larson overheard Plaintiff saying that the dispatchers were mean and liked to gossip about Plaintiff's personal life. This altercation caused Plaintiff to have an anxiety attack. Plaintiff reported the incident to Bomar immediately. On information and belief, Larson spread rumors and gossip about Plaintiff to George, other TPD employees, and TPD employees' spouses, causing animosity toward Plaintiff.

191.

As a direct result of that verbal altercation, George placed both Plaintiff and Larson on administrative leave. Plaintiff reported the incident to George and Christensen and alleged instances of Larson violating TPD policy by spreading rumors and gossip about Plaintiff's personal life with TPD employees and their spouses. Even though Larson and Plaintiff were put on leave

PAGE 39 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

for similar conduct in the same incident, George returned Larson to work but extended Plaintiff's leave indefinitely.

192.

On information and belief, George gave Larson Plaintiff's position as the TPD office manager. On information and belief, Larson was not punished in any way for her part in the altercation nor for spreading rumors and gossiping about Plaintiff's personal life.

193.

On information and belief, George extended Plaintiff's administrative leave pending the outcome of the investigation of Plaintiff's sexual harassment complaints against Lothman. On information and belief, George was awaiting the investigation report because he intended to bring Lothman back to work and needed a valid reason to terminate Plaintiff.

194.

In addition to the reports made to City employees, Plaintiff cooperated and participated in the OSP investigation into Lothman and was interviewed by OSP less than four (4) months before George placed her on administrative leave.

195.

While on administrative leave, George gave Plaintiff a Notice of Potential Termination.

196.

Eventually, George terminated Plaintiff and brought Lothman back to work even after OSP referred the matter to TCDA for potential criminal charges of official misconduct and harassment.

///

///

PAGE 40 – **COMPLAINT**

197.

This conduct by George and the City constitutes retaliation against Plaintiff's protected good faith reports of illegal activity.

198.

The BOLI Determination found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030(1)(f) and ORS 659A.203." (Exhibit 1) (Emphasis in the original).

199.

The City is a public employer under the definitions of ORS § 659A.203. If BOLI found that the City committed unlawful employment practices in violation of ORS § 659A.203, then the City committed unlawful employment practices in violation of ORS § 659A.199 as well.

200.

Pursuant to ORS § 659A.203(3), Plaintiff is entitled to remedies under ORS § 659A.203 in addition to any remedies under ORS § 659A.199.

201.

Pursuant to ORS § 659A.885 Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

///

///

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## FOURTH CLAIM FOR RELIEF
## EMPLOYMENT DISCRIMINATION ON BASIS OF WHISTLEBLOWING STATUS
### ORS § 659A.203
### Against Defendant CITY

202.

Plaintiff incorporates all previous paragraphs herein by reference., specifically, Plaintiff incorporates paragraphs 185-201 herein.

203.

At all material times, the City was a public employer.

204.

The determination from BOLI found "SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030(1)(f) and ORS 659A.203." (Exhibit 1) (Emphasis in the original).

205.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

206.

Pursuant to ORS § 659A.203(3), Plaintiff is entitled to remedies under ORS § 659A.203 in addition to any remedies under ORS § 659A.199.

///

///

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**FIFTH CLAIM FOR RELIEF**
**EMPLOYMENT DISCRIMINATION ON BASIS OF INITIATING OR AIDING**
**IN CRIMINAL OR CIVIL PROCEEDINGS**
**ORS § 659A.230**

**COUNT 1:**
**(Against Defendant CITY)**

207.

Plaintiff incorporates all previous paragraphs herein by reference.

208.

Plaintiff in good faith reported criminal activity when she reported Lothman's unwanted sexual touching to Bomar.

209.

Plaintiff's report to Bomar was relayed to Wright, who ordered Bomar to initiate an investigation.

210.

As a result of Plaintiff's report of sexual harassment by Lothman, Plaintiff was put on administrative leave, subjected to an investigation, and later terminated from employment with the City.

211.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

///

///

PAGE 43 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**COUNT 2:**
**(Against Defendant CITY)**

212.

Plaintiff incorporates all previous paragraphs herein by reference.

213.

After Plaintiff's good faith report of Lothman's criminal activity and Bomar's subsequent investigation, Bomar and Wright determined that the case needed to be forwarded to OSP for an outside criminal investigation.

214.

Plaintiff's reporting of Lothman's criminal activity resulted in OSP initiating a criminal investigation of Lothman forwarding the case to the TCDA for criminal charges.

215.

As a result of this report of criminal activity by Plaintiff, she was eventually put on administrative leave, subjected to an investigation, and terminated from employment with the City.

216.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

**COUNT 3:**
**(Against Defendant CITY)**

217.

Plaintiff incorporates all previous paragraphs herein by reference.

///

PAGE 44 – **COMPLAINT**

218.

Plaintiff was interviewed by Bomar and OSP Detective Hegney, and in good faith cooperated with the Bomar and the OSP criminal investigations into Plaintiff's allegations against Lothman.

219.

As a result of her cooperation with the criminal investigation of Lothman, Plaintiff was eventually put on administrative leave, subjected to an investigation, and later terminated from her employment with the City.

220.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

**COUNT 4:**
**(Against Defendant CITY)**

221.

Plaintiff incorporates all previous paragraphs herein by reference.

222.

On or about April 19, 2021, Plaintiff through her previous legal counsel, submitted a Tort Claim Notice to the City and to City Manger George.

223.

On or about May 3, 2021, Plaintiff was terminated by the City. The "Determination of Discipline – Termination" notice signed by George:

Not[es] that [the City] received a Notice of Tort Claim regarding [Plaintiff's]

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

allegations against Officer Lothman on April 19, 2021; assert[s] that George's Notice of Termination to [Plaintiff] makes no mention of Lothman; terminat[es] [Plaintiff's] employment, due to her failure to accept accountability for her actions, and submitting a response to the Notice [of Potential Termination] that instead "[points] blame at everyone else;" and notif[ies] [Plaintiff] that she will need to return all City property before she can receive her final paycheck.

(Exhibit 1).

224.

The fact that George mentions Plaintiff's Tort Claim Notice in her "Determination of Discipline – Termination" letter demonstrates that the City decided to terminate Plaintiff's employment, in significant part, because of Plaintiff's Notice of Tort Claim.

225.

ORS § 30.275 requires Plaintiff to provide the City with Notice of a Tort Claim prior to filing her civil complaint. Since Plaintiff is required to provide a Notice of Tort Claim to the City prior to filing a civil lawsuit against the City, Plaintiff contends that her providing a written Tort Claim Notice to the City and to George, constitutes the initiation of a good faith civil proceeding under ORS § 659A.230.

226.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

///

///

///

///

PAGE 46 – **COMPLAINT**

### SIXTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### COUNT 1:
### (Against Defendant LOTHMAN)

227.

Plaintiff incorporates all previous paragraphs herein by reference.

228.

Lothman knew or should have known that by continuously sexually harassing Plaintiff via text messages, handwritten notes, unwanted and inappropriate touching, rubbing, and caressing, he would cause Plaintiff to feel uncomfortable in the workplace and sustain severe emotional distress.

229.

The act of sexually harassing Plaintiff via text messages, handwritten notes, unwanted and inappropriate touching, rubbing, and caressing is intentional and outrageous conduct that constitutes an extraordinary transgression of the bounds of socially tolerable behavior.

230.

Lothman's conduct is made more outrageous by the facts that: he is a law enforcement officer is sworn to protect and uphold the laws; his position and authority make him extremely intimidating; he is aware that Plaintiff suffers from anxiety and anxiety attacks; he was told by Wright that Plaintiff had made complaints about his behavior; he spread reputation-damaging rumors and falsehoods about Plaintiff in the workplace and community; and he was warned multiple times that his conduct was harassing and inappropriate.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

231.

As a result of Lothman's actions, Plaintiff was forced to make a report and be interviewed by Bomar, OSP, and Doney, causing Plaintiff to experience severe emotional distress, anxiety, trauma, and humiliation.

232.

Additionally, as a result of Lothman's actions and Plaintiff's subsequent report, Plaintiff's coworkers and community members found out about Lothman's unwanted sexual advances and harassment, which led to Plaintiff being repeatedly reminded of it.

233.

Accordingly, Plaintiff is entitled to recover compensatory and non-economic damages.

**COUNT 2:**
**(Against Defendant CITY)**

234.

Plaintiff incorporates all previous paragraphs herein by reference.

235.

Plaintiff was sexually harassed and assaulted at the TPD office, on City property, by a TPD Officer.

236.

TPD, through Wright and Bomar, and subsequently OSP and Doney, investigated Lothman, sustained allegations of harassment and official misconduct against him, and referred the case to the TCDA for criminal charges.

///

///

PAGE 48 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

237.

In response, the City terminated Plaintiff and brought Lothman back to work in his role a TPD Police Officer, with nothing more than a written reprimand as discipline.

238.

These actions by the City show a callous disregard for Plaintiff as a victim of sexual harassment and battery by an officer of the TPD.

239.

The City, through George, knew or should have known that their actions would cause Plaintiff severe emotional distress.

240.

The City and TPD are supposed to protect citizens of Tillamook; therefore the City's actions against Plaintiff constitute an extraordinary transgression of the bounds of socially tolerable behavior.

241.

Accordingly, Plaintiff suffered severe emotional distress and humiliation when she was not provided a safe workplace and when Plaintiff's repeated complaints about Lothman's sexual harassment were not taken seriously enough to prevent further unwanted sexual advances.

242.

Additionally, the City's termination of Plaintiff for making reports of Lothman's behavior is unacceptable and an extraordinary transgression of the bounds of socially tolerable behavior.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

243.

Accordingly, Plaintiff is entitled to recover compensatory damages and non-economic damages.

## COUNT 3:
### (Against Defendant George)

244.

Plaintiff incorporates all previous paragraphs herein by reference.

245.

Plaintiff was sexually harassed and battered at the TPD office, on City property, by a TPD Officer.

246.

TPD, through Wright and Bomar, and subsequently OSP and Doney, investigated Lothman, sustained allegations of harassment and official misconduct against him, and referred the case to the TCDA for criminal charges.

247.

In response, the City, through the actions and direction of George, decided to terminate Plaintiff and bring Lothman back to work in his role a TPD Police Officer.

248.

George's actions are made even more egregious by the fact that he: holds a position of high authority as the City Manager; treated and punished Plaintiff more harshly than other TPD employees; extended Plaintiff's administrative leave until the Lothman investigation could be completed even though Plaintiff's leave was not at all related to Lothman's investigation; refused to give Plaintiff any information about her leave; gave Plaintiff's job to Larson after Larson caused

PAGE 50 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Plaintiff to have an anxiety attack; brought Lothman back to work and reduced Lothman's punishment to a written reprimand even though he had sexually harassed a TPD employee on multiple occasions; and retaliated against Plaintiff for reporting sexual harassment by a TPD officer. George's actions and unequal treatment of TPD employees shows that he intended to cause Plaintiff severe emotional distress.

249.

These actions by George show a callous disregard for Plaintiff as a victim of sexual harassment and battery by a member of the TPD. George knew, or should have known, that his conduct would cause Plaintiff severe emotional distress.

250.

George, as the City Manager, is responsible for the TPD and ensuring that employees are safe and not exposed to unwanted sexual advances at work. Accordingly, George's disregard for Plaintiff's complaints regarding Lothman, and George's decision to terminate Plaintiff and not Lothman, constitutes extraordinary transgressions of the bounds of socially tolerable behavior.

251.

Accordingly, Plaintiff suffered severe emotional distress and humiliation when she was not provided a safe workplace and when Plaintiff's repeated complaints about Lothman's sexual harassment were not taken seriously enough to prevent further unwanted sexual advances.

252.

Accordingly, Plaintiff is entitled to recover compensatory and non-economic damages.

///

///

PAGE 51 – **COMPLAINT**

**COUNT 4:**
**(Against Defendant CHRISTENSEN)**

253.

Plaintiff incorporates all previous paragraphs herein by reference.

254.

Plaintiff was sexually harassed and battered at the TPD office, on City property, by a TPD Officer.

255.

TPD, through Wright and Bomar, and subsequently OSP and Doney, investigated Lothman, sustained allegations of harassment and official misconduct against him, and referred the case to the TCDA for criminal charges.

256.

In response, the City, through the actions of Christensen as the City Human Resources Director, decided to terminate Plaintiff and bring Lothman back to work in his role a TPD Police Officer.

257.

On or about June 4, 2021, Christensen sent an email stating, "[w]e want to get this going now. The Molly [Folkema] situation is taking forever and we need Lynn [Lothman] back."

258.

These actions by Christensen, and her email, show a callous disregard for Plaintiff as a victim of sexual harassment and battery by a member of the TPD.

///

///

PAGE 52 – **COMPLAINT**

259.

Christensen, as the City's Human Resources Director, is responsible for ensuring that employees are safe and not exposed to unwanted sexual advances at work. Accordingly, Christensen's disregard for Plaintiff's complaints regarding Lothman, and Christensen's participation in the decisions to terminate Plaintiff and not Lothman, are extraordinary transgressions of the bounds of socially tolerable behavior.

260.

Accordingly, Plaintiff suffered severe emotional distress and humiliation when she was not provided a safe workplace and when Plaintiff's repeated complaints about Lothman's sexual harassment were not taken seriously enough to prevent further unwanted sexual advances.

261.

Accordingly, Plaintiff is entitled to recover compensatory and non-economic damages.

**COUNT 5:**
**(Against Defendant RAU)**

262.

Plaintiff incorporates all previous paragraphs herein by reference.

263.

Plaintiff was sexually harassed and battered at the TPD office, on City property, by a TPD Officer.

264.

TPD, through Wright and Bomar, and subsequently OSP and Doney, investigated Lothman, sustained allegations of harassment and official misconduct against him, and referred the case to the TCDA for criminal charges.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

265.

On information and belief, in response, the City, through the actions and direction of Rau, decided to terminate Plaintiff and bring Lothman back to work in his role a TPD Police Officer.

266.

Rau's actions are made even more egregious by the fact that he: holds a position of high authority as the City of Tillamook Chief of Police; treated and punished Plaintiff more harshly than other TPD employees; extended Plaintiff's administrative leave until the Lothman investigation could be completed even though Plaintiff's leave was not at all related to Lothman's investigation; refused to give Plaintiff any information about her leave; gave Plaintiff's job to Larson after Larson caused Plaintiff to have an anxiety attack; brought Lothman back to work and reduced Lothman's discipine to a written reprimand even though he had sexually harassed a TPD employee on multiple occasions; and retaliated against Plaintiff for reporting sexual harassment by a TPD officer. Rau's actions and unequal treatment of TPD employees shows that he intended to cause Plaintiff severe emotional distress.

267.

These actions by Rau show a callous disregard for Plaintiff as a victim of sexual harassment and battery by a member of the TPD. Rau knew, or should have known, that his conduct would cause Plaintiff severe emotional distress.

268.

Rau, as the City of Tillamook Chief of Police, is responsible for the TPD and ensuring that employees are safe and not exposed to unwanted sexual advances at work. Accordingly, Rau's disregard for Plaintiff's complaints regarding Lothman, and Rau's willingness to go along with

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

the decision to terminate Plaintiff and not Lothman, constitutes extraordinary transgressions of the bounds of socially tolerable behavior.

269.

Accordingly, Plaintiff suffered severe emotional distress and humiliation when she was not provided a safe workplace and when Plaintiff's repeated complaints about Lothman's sexual harassment were not taken seriously enough to prevent further unwanted sexual advances and resulted in her termination.

270.

Accordingly, Plaintiff is entitled to recover compensatory and non-economic damages.

## SEVENTH CLAIM FOR RELIEF
### BATTERY
### Against Defendant LOTHMAN

271.

Plaintiff incorporates all previous paragraphs herein by reference.

272.

Lothman intended to repeatedly, and on numerous occasions would, touch Plaintiff in a sexual or caressing manner.

273.

Plaintiff asked Lothman on numerous occasions to stop touching her, but Lothman continued to touch Plaintiff offensively, without her consent.

274.

Lothman placed his hand down Plaintiff's blouse and attempted to touch her breasts. Plaintiff immediately stopped Lothman and indicated she was not consenting to this touching.

PAGE 55 – **COMPLAINT**

275.

Lothman's intentional, offensive, and nonconsensual contact caused Plaintiff emotional distress and noneconomic damages.

276.

Accordingly, Plaintiff is entitled to recover compensatory damages and non-economic damages.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENT RETENTION
### Against Defendant CITY

277.

Plaintiff incorporates all previous paragraphs herein by reference.

278.

The City had a duty to Plaintiff to prevent her from being sexually harassed at work.

279.

Plaintiff made several complaints regarding Lothman's behavior and conduct towards her to Wright, Christensen, and other City management.

280.

Lothman was reprimanded several times by Wright and the City for the allegations of sexual harassment made by Plaintiff, however, Lothman was never terminated or restricted to working shifts that would reduce or eliminate contact with Plaintiff.

///

///

///

PAGE 56 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

281.

The City knew that Lothman had engaged in unwanted sexual advances and harassment towards Plaintiff and decided not to terminate Lothman's employment, even after OSP forwarded recommendations of harassment and official misconduct charges to the TCDA.

282.

As a result of the City's behavior and reluctance to terminate Lothman's employment, Plaintiff was subjected to further unwanted sexual harassment by Lothman.

283.

As a result of the City's behavior and reluctance to terminate Lothman's employment, Plaintiff suffered emotional distress and trauma in having to continue to work with Lothman and see her harasser at work.

284.

Accordingly, Plaintiff is entitled to recover compensatory damages and non-economic damages.

**WHEREFORE**, Plaintiff prays for judgement in her favor, and against Defendants, and each of them, awarding Plaintiff economic damages and noneconomic damages as determined at trial, but not less than $1,750,000.00 and, in the case of Defendants Lothman, George, Christensen, and Rau an award of punitive damages as the jury may award at trial, together with Plaintiff's costs, disbursements, attorney and expert witness fees under 42 U.S.C § 1988 and ORS § 659A.885, and for such other relief the Court deems equitable and just.

Plaintiff hereby demands trial by jury on all issues so triable.

PAGE 57 – **COMPLAINT**

DATED this 25th day of January 2023.

                                 EMPLOYMENT LAW PROFESSIONALS

By:       */s/ Andrew T. Mittendorf*
           Andrew T. Mittendorf, OSB #205394
           Email: andrew@elpnw.com
           Randy J. Harvey, OSB #116714
           Email: randy@elpnw.com
           Kristofer T. Noneman, OSB #224630
           Email: kristofer@elpnw.com
           **EMPLOYMENT LAW PROFESSIONALS**
           POB 1309
           20015 SW Pacific Hwy., Suite 221
           Sherwood, Oregon 97140
           Tel: 503-822-5340
           Facsimile: 503-433-1404

           Of Attorneys for Plaintiff Molly A. Folkema

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404



**VAL HOYLE**
Labor Commissioner

December 30, 2022

MOLLY FOLKEMA

RE:  Complainant:  Molly Folkema
     Respondent:   City of Tillamook
     Case #:        EEEMSH211230-42413
     EEOC #:        38D-2022-00168C

### NOTICE OF RIGHT TO FILE A CIVIL SUIT

This is your 90-day notice letter.  Pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice.  Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice. *Note: If the complaint was a public accommodations case filed under ORS 659A.403 or 659A.406, the right to file suit in state circuit court expires <u>one year from the date of the alleged violation</u>.*

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, the Complainant must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). Complainants interested in protecting these rights, should consult an attorney immediately regarding the requirements for filing.  The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

The Bureau may determine at a future date to terminate proceedings without initiating a contested case hearing.  You have the choice at this time of pursuing the complaint in state circuit court or continuing with the Bureau's process.  The Bureau requests that you notify the Division if this complaint is taken to court.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

jl

**Date of Mailing**: December 30, 2022

cc:   Andrew T Mittendorf, Complainant's Attorney
      City Of Tillamook, Respondent
      City Of Tillamook, City Attorney, Respondent's Attorney

 Portland · Salem · Eugene

 **oregon.gov/boli**
Help@boli.oregon.gov

 (971) 245-3844
**Ore. Relay TTY: 711**

**Folkema v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00122**
**EXHIBIT 1**
**Page 1 of 11**

**Civil Rights Division - Bureau of Labor and Industries**
# NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

thComplainant:         Molly Folkema

Respondent:   City Of Tillamook

Case Number: EEEMSH211230-42413

Investigator:   Amanda Bartenstein

Filing Date:     December 30, 2021

Reviewed By: _____ Theodore E. Wenk

**DATE ISSUED**

**DEC 30 2022**

**CIVIL RIGHTS DIVISION**

## I.    Jurisdiction

Oregon Revised Statutes chapters 659A, ORS 25.337, 25.424, 171.120, 345.240, 441.184, 476.576, 651.060, 651.120, 652.355, 653.060 and 654.062, and Oregon Administrative Rules chapter 839 divisions 2, 3, 4, 5, 6, 9 and 10 authorize the Civil Rights Division to accept, investigate, amend, resolve and determine complaints alleging unlawful practices in employment, housing, places of public accommodation, state government and career, professional and trade schools.

Specific facts supporting a conclusion that the Division has jurisdiction over Respondent(s) are found below.

## II.    Synopsis

The Bureau of Labor and Industries, Civil Rights Division, finds substantial evidence of an unlawful practice based on sex and reporting or opposing unlawful discrimination, in that Respondent subjected her to different terms and conditions of employment, including a hostile work environment; retaliated against her; and terminated her employment. ORS 659A.030 (1) (a) (b) (f); ORS 659A.203.

## III.    Claim and Answer

On December 30, 2021, Complainant filed a complaint with the Civil Rights Division alleging an unlawful employment practice based on sex/gender, whistleblowing, and reporting or opposing unlawful discrimination in that Respondent subjected her to sexual harassment (a hostile work environment), and retaliated against her after she reported the harassment by placing her on administrative leave pending investigation and terminating her employment. Specifically, Complainant alleges that Officer Lynn Lothman sexually harassed her, and Respondent placed Complainant on administrative leave and terminated her employment after she reported Officer Lothman, and after the complaint was escalated to the Oregon State Police for investigation. Complainant further alleges that Respondent treated her and another female employee – Lieutenant Bomar, who initially

**Folkema v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00122**
**EXHIBIT 1**
**Page 2 of 11**

Civil Rights Division - Bureau of Labor and Industries
# NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

investigated Complainant's allegations of sexual harassment – differently than similarly situated male employees, including Complainant's harasser, who was not terminated after investigations sustained allegations against him. Complainant alleges this constitutes a violation of ORS 659A.030 (1) (a) (b) (f); ORS 659A.199; and ORS 659A.203.

Respondent denies that it retaliated against Complainant for reporting sexual harassment or that Complainant's reports of sexual harassment had any bearing on her termination. Respondent asserts that Complainant was terminated due to an unrelated incident of unprofessional behavior with a colleague that occurred while Lothman was on administrative leave.

## IV.    Identity of Respondent(s)

1. Respondent City of Tillamook is a public entity and is a person pursuant to ORS 659A.001(9).

## V.    Findings of Fact

1. Respondent City of Tillamook employs one or more persons in the State of Oregon and is an employer pursuant to ORS 659A.001(4)(a).

2. Complainant was hired by Respondent as the Police Department Office Manager in or around September 2017.

3. Complainant is female.

4. Complainant reported to Chief Wright in May, August, and September 2020 that Officer Lynn Lothman was sexually harassing her.

5. On October 24, 2020, Complainant reported to Lieutenant Erica Bomar that Officer Lothman had reached down the front of her blouse and touched her breast. On or around October 26, 2020, Complainant's allegation was escalated to the Oregon State Police ("OSP") for investigation.

6. On or about December 15, 2020, OSP referred the case to Tillamook County District Attorney William Porter for consideration of charges for Official Misconduct in the first degree and Harassment.

7. On or about February 11, 2021, new City Manager, Nathan George, contracted the services of Private Investigator Tim Doney to conduct an internal affairs investigation into Complainant's allegations against Lothman.

8. On or about February 25, 2021, Complainant was interviewed, with HR Director Jamy Christensen present, as part of the internal affairs investigation into

**Folkema v. City of Tillamook et al.**
**USDC Case No. 3:23-cv-00122**
**EXHIBIT 1**
**Page 3 of 11**

Civil Rights Division - Bureau of Labor and Industries
**NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION**

Lothman.

9. On or about February 26, 2021, Complainant was placed on paid administrative leave pending investigation.

10. On or about May 3, 2021, Respondent terminated Complainant's employment.

11. Complainant provided the following evidence in support of their allegations:

   a) The Oregon State Police Report and Referral to DA for consideration of charges for Official Misconduct in the first degree (ORS 162.415) and Harassment (ORS 166.065), printed December 15, 2020, including interview transcripts, text messages, and past discipline issued to Lothman regarding his conduct toward Complainant[1];

   b) Memorandum notifying Complainant that she is being placed on administrative leave effective immediately, dated and signed by Complainant and Nathan George February 26, 2021, prohibiting Complainant from coming onto City property or contacting any City employees other than the HR Director or City Manager;

   c) Complainant's Notice of Potential Termination, dated April 14, 2021, from Nathan George, notifying Complainant that Respondent is determining whether to terminate Complainant's employment based on specific incidents of misconduct, including (1) an allegation that Complainant referred to dispatch workers as "a bunch of bitches" on February 25, 2021; (2) misstating hours worked on November 6, 2020 when Complainant and Detective Barnett drove to Portland to purchase Krispy Kreme donuts for Chief Wright's birthday; (3) unprofessional interactions between Complainant and Detective Barnett , including hugging, spending excessive amounts of time together doing non-work activities, and bringing him baked goods; and (4) disregarding a direct order not to contact City employees or come onto City property by speaking with Chief Wright and indicating her intent to bring chocolate to the Police Department on or around March 19. The notice indicates that Complainant's due process meeting is scheduled for 5:00 p.m. on April 19, 2021, and that any written response or documentation in Complainant's defense must be submitted by 5:00 p.m. on April 18;

---

[1] Memos from Chief Wright show that he warned Lothman about excessively texting and contacting Complainant, and explained that such conduct was a form of harassment, on May 6, 2020, and that he officially issued a written warning to Lothman on August 21, 2020 for several policy violations, including sexual harassment under 313.3.2, dishonesty, and for intimidating and harassing Complainant to cause alarm and cause her to be concerned about her job. The written warning states that any further similar violations will result in discipline up to and including termination. A memo dated September 18, 2020, documents allegations that and Lothman's admission that he went through Complainant's desk and notified Officer Christopher Barnett's wife that Barnett and Complainant had exchanged notes expressing affection for each other.

EEEMSH211230-42413

## Civil Rights Division - Bureau of Labor and Industries
# NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

d) Complainant's Determination of Discipline – Termination, signed by Nathan George, dated May 3, 2021, noting that Respondent received a Notice of Tort Claim regarding Complainant's allegations against Officer Lothman on April 19, 2021; asserting that George's Notice of Termination to Complainant makes no mention of Lothman; terminating Complainant's employment, due to her failure to accept accountability for her actions, and submitting a response to the Notice that instead "[points] blame at everyone else"; and notifying Complainant that she will need to return all City property before she can receive her final paycheck; and

e) An email exchange from HR Director Jamy Christensen to attorney Mark Wolf regarding Officer Lothman's reinstatement, dated June 4, 2021, subject line "5.28.2021 Tillamook.Lothman.DRAFT notice of pre-discipline – CIS edits (1).docx," and provided to Complainant's attorneys in response to a records request, stating, "After speaking with Nathan today we want to get this going now. The Molly situation is taking forever and we need Lynn back. Can you get the dates going on it?"

12. Respondent submitted a written position statement in answer to this complaint. Respondent admits that Complainant reported sexual harassment by Officer Lothman, and asserts that Respondent took immediate and appropriate corrective action by escalating the complaint to the Oregon State Police ("OSP") and placing Lothman on administrative leave pending investigation. Respondent denies that Complainant's report(s), which she made roughly seven months before her termination, had any bearing on its decision to terminate Complainant. Respondent asserts that Lothman had been on paid leave for months when Complainant allegedly engaged in the unprofessional behavior with a coworker that led to her termination.

Respondent offered the following documentation in support of Respondent's defense(s):

a) An email from Lacey Larson to Nathan George; dated February 27, 2021; titled "Incident Summary"; indicating that on February 25, during a conversation with two other employees, Complainant referred to dispatchers as "a bunch of bitches," and then asked Ms. Larson "isn't that why you left?"; and detailing a conflict between Ms. Larson, Detective Barnett, and Complainant, regarding Ms. Larson disclosing an affair between Barnett and Complainant to Barnett's wife;

b) Emails from Complainant to Nathan George and Jamy Christensen, dated March 1, 2021, recalling that Complainant made statements about dispatch being very gossipy and pretty mean on February 25, which obviously upset Ms. Larson, and explaining that she reported the incident to Lt. Bomar right away. The emails also describe recurring problems that

Civil Rights Division - Bureau of Labor and Industries
## NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

Complainant has with Ms. Larson speaking badly about Complainant to other employees, and directs Mr. George and Ms. Christensen to speak with Debbie LNU, and to see the OSP report and Detective Barnett's recent formal complaint;

c)  Notes titled "Interview on Molly / Lacey 2.25.21," dated 3.17.21, indicating that Officer Timothy Saddler and Officer James Harrell confirmed that Complainant referred to dispatchers as "bitches";

d)  Notice of Paid Administrative Leave/Criminal Investigation to Officer Lothman, dated October 26, 2020, notifying Lothman that he was not to contact Police Department personnel or potential witnesses, or come onto Respondent premises or attend any Respondent functions, for the duration of his administrative leave.

13. On May 12, 2022, BOLI requested that Respondent provide:

a)  All documentation related to disciplinary actions against Lacey Larson from September 2020 to April 2021, and specifically documentation related to the February 25-26, 2021 incident involving her and Complainant, including but not limited to written communication between Larson and City personnel related to the investigation of the incident, disciplinary documentation, Larson's administrative leave notice, and any communication related to Larson's return to work;

b)  All documentation related to Detective Christopher Barnett's complaints against Lacey Larson regarding her alleged "sharing information…in the workplace with others with the intent to cause issues and problems for [Barnett]," including copies of the complaints, any investigations conducted in response, and any disciplinary actions resulting from the complaints;

c)  All documentation related to disciplinary actions against Christopher Barnett for the unprofessional interactions between himself and Complainant cited in Complainant's April 14, 2021, Notice of Potential Termination letter;

d)  A copy of the complete investigation file of Officer Lynn Lothman conducted by the "outside investigator" referenced in the City's February 2022 position statement;

e)  Copies of all other reports and/or investigations (not already provided) against Officer Lothman related to Complainant's allegations against Lothman;

f)  Any and all disciplinary actions taken against Lothman resulting from or relating to Complainant's allegations against him; and

## Civil Rights Division - Bureau of Labor and Industries
# NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

g) Any and all communication between Nathan George and the District Attorney's office regarding the Oregon State Police investigation into Officer Lothman, Complainant's allegations, and/or the District Attorney's decision not to file charges.

14. Respondent provided the following documentation in response to BOLI's request:

a) Memorandum placing Lacey Larson on administrative leave, dated and signed February 26, 2021, notifying Ms. Larson that she should "feel free to reach out to the HR Director, Jamy Christensen, or myself at anytime with any questions or concerns. Either Jamy or I will contact you to give you further updates and let you know when you may return to work";

b) Complaints made by Detective Christopher Barnett about Lacey Larson's unprofessional conduct, including contacting Barnett's wife about work-related issues, dated February 26, 2021 and March 1, 2021;

c) A letter to Detective Barnett from Nathan George, "Re: Formal Complaint & Second Formal Complaint," dated March 5, 2021:

    i. Stating that Respondent has no control over conversations employees have outside of the workplace;

    ii. Stating that Respondent had received confidential complaints about their "frustration, high levels of discomfort, and feelings of awkwardness when they witness unprofessional physical touch between you and the Office Manager";

    iii. and reminding Barnett that all relationships in the workplace should be professional, and concluding, "I was glad to hear you state that from the time of our meeting and on you will ensure this is always the case";

d) Barnett's March 19, 2021 grievance responding to the March 5, 2021 "informal letter of discipline";

e) The investigative report resulting from the investigation into Officer Lynn Lothman, dated March 26, 2021[2]:

    i. Indicating that Lothman, Complainant, Wright, Bomar, and the Tillamook County District Attorney were interviewed as part of the investigation. The report shows in relevant

---

[2] None of the underlying exhibits were included with the report.

**Civil Rights Division - Bureau of Labor and Industries**
# NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

part that Complainant was interviewed on February 25, 2021 with HR Director Jamy Christensen present, and that the DA indicated that he did not believe he would be able to prove the case beyond a reasonable doubt but that after his review of the case, he believed Respondent would likely find that Lothman violated city and/or department policies;

ii.   Showing that Lothman's previous discipline related to complaints by Complainant include a verbal warning (5/6/2020), written warning/reprimand (8/24/2020), and verbal                          warning                          (9/18/2020);

iii.   Outlining some factors considered in the investigator's conclusion, including in relevant part that (1) Ofc. Lothman was "less than candid," was unable or unwilling to take responsibility for his actions, and was instead "quick to point the finger at Folkema believing he was being treated differently," and (2) Complainant and Lothman agreed on many issues but diverged primarily on the "whether they were mutually interested in each other and whether physical contact was welcome";

f)   Finding eight sustained policy violations: criminal justice code of ethics, ethics policy, efficiency policy, performance policy, conduct policy[3], standing orders/directive from his chief/administration, and city administrative                                                          rules/regulations;

g)   Finding four possible policy violations "not sustained": sexual harassment (both the City Personnel policy and the Police Department policy), retaliation,                          and                          relationships[4];

h)   Lothman's Notice of Pre-Disciplinary Hearing, signed by Nathan George, dated June 7, 2021, notifying Lothman that his pre-disciplinary hearing is scheduled for June 16, 2021, indicating a proposed 5-day suspension without pay due to recent prior discipline and "the serious nature of the current allegations," briefly outlining the sustained violations, and noting

---

[3] Lothman's specific actions violating this policy include but are not limited to neglecting his assignments as a patrol officer in order to have physical or other contact with Complainant and intruding into Complainant's personal desk on more than one occasion.

[4] No explanation or analysis is given for potential policy violations that are found "not sustained," other than the statement that there is insufficient evidence to prove a violation. However, specific examples cited under sustained policy violations, including massaging, kissing the neck and holding the hand of, and hugging an employee during work hours, appear to constitute a violation of the "Relationships" policy, which includes unwelcome solicitation of a personal or sexual relationship while on-duty… and engaging in on-duty sexual activity including… excessive displays of public affection or other sexual contact.

## Civil Rights Division - Bureau of Labor and Industries
# NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

that the complete investigative report is attached; and

    i)  Lothman's Determination of Discipline – Written Reprimand, signed by Nathan George; dated June 22, 2021; noting the discussions during Lothman's due process meeting confirmed that Lothman did commit the acts and violations sustained in the investigative report; determining that based on Lothman's statements during the meeting, "the potential 5-day suspension was too severe," and that a written reprimand would be more appropriate; instructing Lothman to return to work June 22, 2021; and affirming multiple times George's belief that Lothman will successfully meet all expectations moving forward.

15. Respondent has not provided documentation related to any disciplinary actions against Lacey Larson, including for the February 25-26, 2021 incident; any investigations into complaints made against Larson; or any communication related to Larson's return to work.

## VI.    Summary

Complainant alleges Respondent treated her differently, subjected her to a hostile work environment, retaliated against her, and terminated her employment on the basis of sex and because she reported sexual harassment. Respondent denies that it unlawfully discriminated against Complainant. The evidence favors Complainant.

Investigative reports and disciplinary actions taken against Lothman are substantial evidence that Lothman sexually harassed Complainant and retaliated against her multiple times after she reported the conduct to Chief Wright, by first falsely telling Complainant that she was under investigation and then by going through Complainant's desk on more than one occasion.

The disciplinary actions issued to Officer Lothman, Detective Barnett, Lieutenant Bomar, and Complainant are substantial evidence of different treatment based on sex. First of all, the allegations against Complainant and Lt. Bomar[5] are for minor incidents, interpersonal disagreements, and/or alleged incidents that took place well in the past or *after* they were placed on administrative leave; the allegations against both women are far-reaching, seemingly unrelated to one another, and not preceded by any prior disciplinary actions, and the disciplinary actions were disproportionately harsh, and appear to have been reverse engineered to justify Respondent's pre-determination to terminate both women's employment. On the other hand, allegations against Officer Lothman (and the investigation into those allegations) are specific, serious, and related to the three prior disciplinary actions already taken against Lothman during the six months preceding the criminal investigation by OSP and the subsequent internal affairs investigation. Given

---

[5] See BOLI Cases EPEMSX211014-42121 and EEEMSX220719-41021.

**Civil Rights Division - Bureau of Labor and Industries**
# NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

that the internal investigation into Lothman sustained many of the serious allegations against him, and given that Lothman had already been given a written reprimand for harassing and retaliating against Complainant, Respondent's written reprimand (downgraded from a 5-day unpaid suspension) was disproportionately lenient. Furthermore, both Complainant and Lt. Bomar were terminated in part for inappropriate conduct involving Detective Barnett, for which Barnett was either not disciplined at all, or given only an informal letter of discipline. Finally, Respondent cites Complainant and Lt. Bomar's failure to take accountability for their actions as a primary reason for their terminations, but the third party investigative reports find both Complainant and Bomar to be candid, while they find that Lothman was unable to accept responsibility for his actions. This is further corroborated by Lothman's accusations against Bomar (that Bomar targeted him unfairly) during his due process hearing, which led Respondent to reduce the discipline against Lothman and open an investigation into Bomar. The evidence shows that Respondent did not apply its policies or procedures evenly, took disproportionately strong action against female employees, and showed deference and gave favorable outcomes to male employees.

The temporal proximity between Complainant's internal affairs interview (February 25, 2021) and her notice of administrative leave (February 26, 2021), as well as the disparate treatment Respondent showed Complainant and Lacey Larson for their involvement in the same altercation, is substantial evidence that Respondent retaliated against Complainant for reporting sexual harassment, and specifically for initiating a complaint that was escalated to the OSP[6]. The record reflects that, although Complainant reported the incident between her and Ms. Larson first, and although both women made complaints against each other of roughly the same nature, Complainant was treated more harshly than Ms. Larson. For example, the notice of administrative leave issued to Ms. Larson makes clear that Ms. Larson will be returned to work, while the one issued to Complainant has strict requirements for her admin leave and does not offer assurances that she will be returned to work at any point. Furthermore, the evidence suggests that Ms. Larson was not investigated and was simply returned to work in Complainant's position around the same time Complainant was terminated. Respondent has offered no legitimate, nondiscriminatory reason for this disparity; therefore, BOLI finds that Respondent retaliated against Complainant for reporting sexual harassment and initiating a criminal investigation into Officer Lothman.

The timeline establishes that Complainant and Lt. Bomar – the two women involved in escalating a complaint of sexual harassment against Lothman – were terminated or placed on administrative leave prior to Officer Lothman's reinstatement on June 22, 2021 (the day after Lt. Bomar was placed on leave). Respondent's lack of legitimate, nondiscriminatory reasons for its actions indicates that both women were removed from their positions *so that* Lothman could be reinstated, which is further supported by the

---

[6] The other two employees involved in escalating the complaint to OSP were Lt. Bomar, who was terminated in June 2021, and Chief Wright, who resigned unexpectedly around the same time Complainant was terminated.

**Civil Rights Division - Bureau of Labor and Industries**
# NOTICE OF SUBSTANTIAL EVIDENCE DETERMINATION

June 4 email from Jamy Christensen. The totality of the evidence supports Complainant's allegations that she was sexually harassed, subjected to different treatment based on sex, retaliated against for reporting sexual harassment, and terminated as a result of her sex and protected complaint.


## VII.    Determination(s)

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (different terms and conditions/hostile work environment based on sex) in violation of ORS 659A.030 (1) (b).

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (termination based on sex) in violation of ORS 659A.030 (1) (a).

The Bureau of Labor and Industries, Civil Rights Division, finds SUBSTANTIAL EVIDENCE OF AN UNLAWFUL EMPLOYMENT PRACTICE (retaliation for reporting unlawful discrimination) in violation of ORS 659A.030 (1) (f) and ORS 659A.203.


_/s/ Amanda Bartenstein_
Amanda Bartenstein
Senior Investigator
Civil Rights Division